*Decision will be entered under Rule 50.*

JOHN W. WILLMOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IRENE E. WILLMOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 109493, 109494, 109495, 109496. Promulgated June 29, 1943.

*Joseph D. Webb, Esq.*, for the petitioners.
*John H. Pitt, Esq.*, for the respondent.

324

**OPINION.**

Kern, *Judge:* The first question for our decision is whether the attorneys' fees paid by petitioners in 1938 incident to the litigation before the United States Board of Tax Appeals which we have described in our findings are properly deductible from petitioners' gross income in the year in which paid. Respondent has determined and now contends that this expenditure constituted personal expenses within the meaning of section 24 (a) (1), Revenue Act of 1938, and not ordinary and necessary expenses paid in carrying on a trade or business within the meaning of section 23 (a) (1). Petitioners, on the other hand, contend that these expenditures come within the classification of the latter section and are, therefore, deductible; and, further, that they are deductible under section 121 of the Revenue Act of 1942, which amends section 23 (a) of the Internal Revenue Code by the addition of the following:

(2) Non-trade or non-business expenses.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production for income.

This provision, petitioners point out, is made retroactive to include the taxable year here involved.

Three issues were litigated before the Board of Tax Appeals. The principal issue had to do with the validity of a transfer by John. W. Willmott of a half interest in income-producing properties to his wife, Irene E. Willmott. Respondent had determined that the transfer was invalid for tax purposes and, therefore, all of the income from these properties was taxable to the husband. We held to the contrary, even though it was conceded that the impelling motive of the transfer was

to minimize the income tax liability of the transferor. The other two issues had to do with the question of whether sales of securities made by John W. Willmott to a son for the purpose of establishing deductible capital losses were *bona fide*. We held that they were, although again it was obvious that the purpose of the sales was to permit John W. Willmott to make deductions from his gross income.

We are of the opinion that none of these transactions which gave rise to the prior litigation constituted carrying on a trade or business within the meaning of the statute, or were connected with or resulted from any business carried on by petitioners or either of them. Therefore, the attorneys' fees paid in the course of such litigation are not ordinary and necessary expenses paid in carrying on a trade or business. See *Malcolm G. Gibbs*, 34 B. T. A. 1028, and cases therein cited. As the Supreme Court pointed out in *Kornhauser* v. *United States*, 276 U. S. 145, an expense incident to litigation is deductible as a business expense "where the suit or action * * * is directly connected with, or * * * proximately resulted from. his [the taxpayer's] business * * *." Later. in *Higgins* v. *Commissioner*, 312 U. S. 212. the Supreme Court said "* * * all expenses of every business transaction are not deductible. Only those are deductible which relate to carrying on a business." See, also, *Thomas Martin O'Brien*, 47 B. T. A. 561, 565.

We can see no substance in petitioners' argument that the attorneys' fees in question should be deductible under section 121 of the Revenue Act of 1942. quoted above, as expenses paid for the conservation of property held for the production of income. the petitioner arguing that without the litigation that half of the property held by Irene E. Willmott would have been subjected to lien for an additional tax. and that half belonging to John W. Willmott would have been subjected to a lien for an increased surtax. To logically follow the reasoning of petitioners, we would be forced to conclude that the expenses of defending any type of litigation would be deductible by the owner of property because of the possibility that a judgment lien might attach to it. We do not think that section 121 goes, or was intended to go. so far.

Attorneys' fees and expenses of litigation are deductible under section 121 of the Revenue Act of 1942 only when the subject matter of the litigation bears a reasonable and proximate relation to the production or collection of income or to the management. conservation, or maintenance of property held for that purpose. In *R. C. Coffey*, 1 T. C. 579. the attorney's fees which we held to be deductible were expended in obtaining a reduction of local tax assessments on the taxpayer's business properties; and of the accountant's fees involved

that part was allowed as a deduction which was paid for the accountant's services in the adjustment of local taxes on intangibles assessed on taxpayer's income-producing securities. It was clear that the subject matter of the professional services in question had a reasonable and proximate relation to " the management, conservation or maintenance of property held for the production of income." However in that case we held that the fees paid to an accountant for services rendered in establishing trusts for the taxpayer's children constituted a personal expense and were not deductible under any statutory provision. In the instant case, the transfer of a one-half interest in the property of petitioner John Willmott to his wife for the purpose of reducing his tax liability seems analogous to the establishment of the trusts for the taxpayer's children in *R. C. Coffey. supra.* The " management, conservation or maintenance of property held for the production of income " does not include a disposition by the taxpayer of that property for the purpose of diverting the income produced by it to another so that the property is no longer held by the taxpayer for the production of income to him. Any fee paid by petitioner John Willmott incident to the transfer itself would not have been deductible under section 121 any more than fees paid incident to the creation of the trusts in the Coffey case. Since the original transaction (in this case the transfer of the one-half interest in his property by John W Willmott to his wife) was not proximately related to the production or collection of income or to the management, conservation. or maintenance of property held for the production of income, any litigation arising out of this transaction involving its tax consequences would also not be related to the management. conservation, or maintenance of such property, and fees and expenses paid in connection with the litigation would not be deductible under section 121.

As we have indicated, the principal issue involved in the proceedings brought by John W. Willmott before the United States Board of Tax Appeals involved the tax consequences of his transfer of a one-half interest in his property to his wife. The other two minor issues had to do with the *bona fides* of two sales of securities to his son. The fees and expenses incident to the litigation. which are sought to be deducted here. were not broken down to show that part allocable to each issue. Assuming without deciding that the transactions involved in the sale of securities made for the purpose of establishing tax losses were proximately related to the production or collection of income or to the management, conservation or maintenance of property held for that purpose, we are not able on the record made in this case to determine what part of the fees and expenses paid were incident to these transactions. Therefore we must approve respondent's determination

denying the deduction of such fees and expenses, which were claimed as a whole and can not be allocated to the various issues involved.

There can be little doubt but that petitioner John W. Willmott was engaged in business. and that his business was the management. promotion, and exploitation. on his own behalf and as agent for his wife, of farm properties, oil-producing properties. and business properties owned by them. See *Eugene Higgins*. 39 B. T. A. 1005; *Higgins* v. *Commissioner*, *supra*. In this business " both personal services and capital are material income-producing factors " within the meaning of section 25 (a) (4) of the Revenue Act of 1938. and. therefore, "a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of net profits of such trade or business, shall be considered as earned income" for the purpose of determining the earned income credit of John W. Willmott.

The record is not clear as to the exact amount during the taxable years of the net profits of the business carried on by petitioner John W. Willmott as distinguished from his other net income. Since he has the burden of proof on this issue, we are unable to make assumptions of fact in his favor.

However. construing the evidence on this question in a light most unfavorable to this petitioner, we nevertheless conclude that he is entitled to an earned income credit greater in amount than the minimum of $300 allowed by respondent. It is our opinion that a reasonable allowance for the personal services actually rendered by this petitioner to be considered as earned income was the sum of $3.750 for the year 1939, and the sum of $4.250 for the year 1938. neither of said sums being in excess of 20 per centum of his net profits from the business in which he was engaged. His earned income credit for the respective years will, accordingly, be $375 and $425.

*Decision will be entered under Rule 50.*