HORD v. COMMISSIONER OF INTERNAL REVENUE.

No. 9704.

Circuit Court of Appeals, Sixth Circuit.

May 29, 1944.

---

John A. Hadden, of Cleveland, Ohio (Andrews, Hadden & Putnam and John A. Hadden, all of Cleveland, Ohio, on the brief), for petitioner.

Maryhelen Wigle, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and Maryhelen Wigle, all of Washington, D. C., on the brief), for respondent.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The tax court upheld determination by the Commissioner of Internal Revenue of a deficiency in the petitioning taxpayer's income tax for 1938. Two questions are presented on this review: (1) whether the petitioner sustained the burden of proving that the Commissioner erred in determining that $19,503 was the gain realized by the taxpayer from the redemption on September 15, 1938, of 297 shares of preferred stock of the Ohio Oil Company at $110 per share; and (2) whether the petitioner sustained the burden of proving that the Commissioner erred in disallowing deductions claimed for the year 1938 for attorneys' fees incurred in contesting tax assessments and for an accountant's charges for the preparation of income tax returns.

On April 1, 1930, the petitioner exchanged 330 shares of Illinois Pipe Line Company common stock for 990 shares of Ohio Oil Company preferred stock. He still owned the latter shares in 1938, when the Ohio Oil Company called for redemption at $110 per share of thirty percent of the shares held by each preferred stockholder of record at the close of business on August 15, 1938. Thus 297 shares of the preferred stock owned by petitioner were redeemed for $32,670 cash during 1938. On the date of the exchange in 1930, by which petitioner acquired the 990 shares of Ohio Oil Company preferred stock, the fair market value of that stock, as found by the tax court, was $103.50 per share, though the value according to petitioner's return was $104 per share.

The tax court declared that when a taxpayer challenges the Commissioner's determination of gain as erroneous and affirmatively alleges a different gain, he must prove facts bringing his case "within a provision of the statute which fixes the gain and in turn fixes the correct basis." This the taxpayer had failed to do. The court reasoned that, as shown in the notice of deficiency, the Commissioner had determined that to the net income disclosed in the return there must be added a short term capital gain of $19,503; the preferred stock redemption having constituted a partial liquidation and being therefore tax-

able in full. The taxpayer had assailed this determination as contrary to fact, and had asserted that he realized a gain of only $1,782 from the redemption of his 297 shares of Ohio Oil Company preferred stock. These averments were considered to be affirmative allegations requiring proof concerning the factors of gain "of which the only unknown quantity was the correct basis." It was pointed out by the tax court in its opinion that Section 111(a) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1041, provides that gain is the excess of the amount realized over the adjusted basis set forth in Section 113 (b), 26 U.S.C.A. Int.Rev.Acts, page 1053; that the adjusted basis shall be that prescribed in Subsection (a); and that Section 113(a) (6) is the specific section covering the basis for property received in a tax-free exchange. The tax court reasoned through that inasmuch as during the taxable year the taxpayer had received $32,670, inclusive of a short-term gain from a partial liquidation, it must be presumed that the Commissioner's determination of $19,503 was a correct determination of the short-term gain. It was deemed insufficient for the petitioner merely to show that the liquidated preferred stock shares had been received by him in 1930 in an exchange for shares of another corporation and that the value of the preferred shares on the date of exchange was $103.-50 per share. It was considered necessary for the petitioner to establish facts supplying the correct statutory basis for computing the gains included in the $32,-670 which he had received for his redeemed stock. Attention was directed to the proposition that under Section 113(a) and (b) of the Revenue Act, the property basis is the cost of the property except as otherwise provided in the Act.

The gain having been derived from the redemption of property acquired in an earlier exchange, no warrant was found for adoption of the hypothesis that the transaction constituted a sale or redemption of shares acquired by purchase. The tax court stated:

"The property redeemed had been acquired in an exchange in 1930, but was this a tax-free exchange [see Section 113 (a) (6)], or was it a taxable exchange? Upon this would depend the basis for future transactions involving gain or loss. If the exchange of 1930 involved giving up property which had been inherited at an earlier day, it is not determinable what became the basis of the Ohio shares received in the 1930 exchange and the basis used by the Commissioner remains.

"This is the result reached from the evidence. The petitioner elected to stand upon the pleadings and this evidence; and the decision is not based upon any of the unproved statements made in an antecedent report of a revenue agent before the deficiency notice was sent, which are not embodied either expressly, or by reference, in the deficiency notice. Such statements have no force as evidence to sustain the deficiency. But the determinations made in the deficiency notice still stand, there being no sufficient evidence showing that in substance they are erroneous. Since petitioner has not made a prima facie case, the gain of $19,503, as determined by the Commissioner, must be sustained."

 Upon inspection of the record, it appears that the deficiency assessment notice, embracing reference to the report of examination, which showed and explained in detail the reasons for asserting $13,-167 to be the true cost basis figure, sufficiently apprised the taxpayer of the Government's position that the Ohio Oil Company preferred stock had been acquired in a non-taxable exchange and that this preferred stock therefore assumed the basis of the shares of Illinois Pipe Line Company common stock. If property was acquired after February 13, 1913, in a tax-free exchange, the same basis must be applied as in the case of the property exchanged. See Section 113(a) (6) of the Revenue Act of 1938. The taxpayer in his petition failed to allege, and in his evidence failed to prove, the character of the exchange and therefore failed to prove the actual cost of the stock. Whether the fair market value of the preferred stock on the exchange date should be taken as the cost depends upon whether or not the exchange was a taxable transaction. The burden did not rest upon the Commissioner to prove that the exchange was a tax-free transaction; but the burden rested upon petitioner to show the material facts concerning his acquisition of the Ohio Oil Company preferred stock so that the Tax Court could determine whether the Commissioner erred in applying as a basis some other figure than the fair market value of that stock on the date of its exchange in 1930. A finding of fact by

the Commissioner of Internal Revenue is presumptively correct and the burden rests upon the taxpayer to prove it erroneous. Welch v. Helvering, 290 U.S. 111, 54 S. Ct. 8, 78 L.Ed. 212; Harmount v. Commissioner of Internal Revenue, 6 Cir., 58 F.2d 118, 120.

 It is unfortunate that the judge of the tax court who tried the case declined to permit the respondent to introduce evidence as to the manner in which petitioner had acquired the stock of the Illinois Pipe Line Company, upon the ground that this was not permissible under respondent's pleading. In our view, the proffered evidence should have been received; but the petitioner has not been damaged by its rejection. Indeed, the petitioner strenuously opposed its admissibility. Reception of the proffered evidence would have simplified the controversy; and we do not find that the answer of respondent precluded a showing that petitioner had not acquired the Illinois Pipe Line Company stock by purchase, but had acquired it by inheritance from an ancestor through a testamentary trust. The full history of the source and course of the stock ownership of the petitioner would have been elucidating. But, inasmuch as the petitioner elected to stand upon technical ground and, thus standing, failed to carry the burden of showing that the Commissioner's determination of the gain realized from the redemption of the 297 shares of Ohio Oil Company preferred stock was erroneous, the tax court properly upheld the Commissioner.

We think, moreover, that the tax court correctly disallowed the claimed deductions for attorneys' fees and an accountant's charges. The petitioner's claim of entitlement to these deductions was based upon Section 23(a) of the Revenue Act of 1938, as supplemented by Section 121(a) of the Revenue Act of 1942, Chapter 619, 56 Stat. 798, 26 U.S.C.A. Int.Rev.Code, § 23(a). The 1942 amendment retroactively allows to individuals the deduction of all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation or maintenance of property held for the production of income.

 The burden rests upon a taxpayer to show that his claimed deduction falls clearly within deductions provided for by statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L. Ed. 1348; Deputy, Administratrix, v. duPont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416. It would seem uncontrovertible that payments made to an accountant for assistance in the preparation of income tax returns would not be included as deductible expense within the category of the pertinent statute.

As found by the tax court, the petitioner failed to adduce evidence sufficient to bring the expense of attorneys' fees within the inclusion of the statute. The court found in evidence only a showing that attorneys had rendered services in procuring for petitioner an undescribed income tax refund for 1928 and in contesting a determination of an undescribed deficiency for 1929. Upon such meagre proof, we could not construe the attorneys' fees to have been expended by petitioner for the "conservation" of property "held for the production of income" within the meaning of the statute. To construe the 1942 amendment as justifying, in these circumstances, the deduction of attorneys' fees would extend the statute far beyond what we consider to be its legitimate coverage.

Cases may arise wherein the deduction of attorneys' fees expended in income tax litigation would be legitimate; but in our judgment the instant situation presents no such case.

The decision of the tax court is affirmed.