Samuel Thorne v. Commissioner.
Thorne v. Commissioner
Docket No. 1331.
United States Tax Court
1944 Tax Ct. Memo LEXIS 211; 3 T.C.M. (CCH) 535; T.C.M. (RIA) 44199; June 7, 1944
*211 James C. Mulligan, Esq., 20 Exchange Place, New York, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The proceeding arises by reason of respondent's determination of a deficiency in petitioner's income tax for the year 1939 in the sum of $1,557.11. In his amended answer respondent alleges that the correct deficiency is $1,959.57. By stipulation certain concessions were made by each party and there is now only one issue before us: whether petitioner is entitled to deduct from gross income certain expenditures made by him to his attorneys for services in connection with obtaining for petitioner refunds of Federal income tax and interest and payment of interest. Findings of Fact A stipulation of facts was filed by the parties. We find the facts to be as stipulated. Hereinafter set out are the material facts stipulated, together with our findings of fact based upon the evidence adduced at the hearing: Petitioner is a resident of Rye, New York, having an office at 20 Exchange Place, New York City, and is a member of the Bar of the State of New York. He substantially retired from the active practice of law in the *212 year 1934 and since that time has devoted a substantial part of his time to charities, and his income has been derived principally from securities and other property held by him. Petitioner devotes approximately one-half of his time to the affairs of various eleemosynary institutions in which he is interested and the balance to the management of his investments. While petitioner is superficially acquainted with tax law, he has never prepared his own tax returns or handled any matters related thereto, and has never, as an attorney, handled any tax matters for clients. During the year 1939 petitioner received a refund of income tax for the year 1933 in the amount of $13,778.82, a refund of interest paid by the petitioner in 1936 in the amount of $1,517.93, and a payment of interest in the amount of $3,109.64, or a total of $18,406.39. For their services and expenses in connection with obtaining said refunds of income tax and interest, the petitioner, in 1939, paid his attorneys the sum of $3,000 and claimed said amount as a deduction in his income tax return for that year. In his income tax return for 1936 the petitioner was allowed, as a deduction, the amount of $1,517.93 as interest *213 paid, but inadvertently neglected to report said amount on his income tax return as income when refunded, and no adjustment therefor was made in the deficiency notice herein. Petitioner concedes that said amount of $1,517.93 should be included in taxable income for the year 1939. In the notice of deficiency, the respondent disallowed the deduction of $3,000 for legal fee but now concedes that $754.23 of this amount should be allowed as a deduction, such amount being attributable to the legal expenses paid in connection with the aforementioned payment of interest to the petitioner. Opinion KERN, Judge: Petitioner contends that the expenditures in question are deductible from gross income under section 23 (a) (2) of the Internal Revenue Code, as added by section 121 (a), Revenue Act of 1942. [1]
It appears from the facts which we have before *214 us that the expenditures to attorneys were made in connection with a contest over the correct amount of petitioner's income taxes in previous years. There is no showing that the expenditures were incident to litigation involving a subject matter bearing "a reasonable and proximate relation to the production of income or to the management conservation or maintenance of property held for that purpose." John W. Willmott, 2 T.C. 321, 326; Hord v. Commissioner, 143 Fed. (2d) 73. Cf. Walter S. Heller, 2 T.C. 371; Charles N. Manning, 3 T.C. 853. In the absence of such a showing our decision must be in favor of respondent. Decision will be entered under Rule 50. Footnotes
1. SEC. 121. NON-TRADE OR NON-BUSINESS DEDUCTIONS. * * * * *
(a) * * * (2) * * * In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.↩