## HIGGINS v. COMMISSIONER OF IN- TERNAL REVENUE.

### No. 3969.

Circuit Court of Appeals, First Circuit.

June 30, 1944.

Lawrence E. Green, of Boston, Mass., for petitioner.

Warren F. Wattles, Sp. Asst. to the Atty. Gen., Samuel O. Clark, Jr., and Sewall Key, Sp. Assts. to the Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

In his income tax return for the calendar year 1939, the taxpayer deducted the sum of $4,666.48 for "services rendered in connection with management, preservation and conservation of property". According to the stipulation of facts filed by the parties, $3,794.13 of this amount represented fees paid to attorneys for services and advice and $892.34 represented a bookkeeper's salary. The amount of. the attorneys' fees consisting of the sum of $2,544.-13 paid in connection with problems relating to the management and investment of property of the taxpayer, was allowed by the commissioner, and $1,250 paid for general legal advice in connection with varied tax problems including advice with respect to the tax consequences of gains and losses on sales and with respect to the preparation of state and federal income tax returns was disallowed. The Tax Court sustained the disallowance by the Commissioner of the $1,250 on the ground that the facts did not show that it was paid for the production or collection of income, or the management, conservation or maintenance of property held for the production of income under § 23(a) (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a) (2).[1]

Both before the Tax Court and before

---

[1] "Sec. 23. (As amended by Section 121 of the Revenue Act of 1942.) Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses.

\* \* \* \* \* \* \*

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

us, the taxpayer declared "that he was not concerned with refinements as to the nature of the tax services rendered or the questions with respect to which advice was given. Rather, he intended to present only the broad question whether a fee paid by an individual to a law firm for tax advice and for services in preparing income tax returns is deductible under section 23(a) (2)". Like the Tax Court we shall deal with the issue thus presented.

■ The taxpayer argued that when in 1942 § 23 was amended retroactively by adding § 23(a) (2) it gave to the taxpayer the right though not engaged in trade or business to deduct from his gross income attorneys' fees paid in 1939 for services rendered in connection with the preparation of his state and federal tax returns, and that Treasury Regulations 103, which he admits denies him this right, is inconsistent with the statute and invalid. The answer is, however, that Congress never intended to allow as a deduction such a purely personal expenditure. It is only when the expenditure has been made for the production and collection of income or with respect to property held for the production of income that such expenditures are deductible.

Before the 1942 amendment ordinary and necessary expenses incurred in the production of income were deductible only if they were incurred in a trade or business. The result was that a taxpayer in trade or business could deduct certain business expenses while these same expenses by an individual not engaged in business could not be deducted.

By the 1942 amendment it was enacted that all expenses incurred by an individual not engaged in a trade or business for the production and collection of income or for the management, conservation or maintenance of property held for the collection of income were deductible from gross income. In its report to the House of Representatives when the bill was up for passage, the Ways and Means Committee stated in House Report No. 2333, 77th Congress, 2nd Session, p. 46, that:

"The existing law allows taxpayers to deduct expenses incurred in connection with a trade or business. Due partly to the inadequacy of the statute and partly to court decisions, nontrade or nonbusiness expenses are not deductible, although nontrade or nonbusiness income is fully subject to tax. The bill corrects this inequity by allowing all of the ordinary and necessary expenses paid or incurred for the production or collection of income or for the management, conservation or maintenance of property held for the production of income. Thus, whether or not the expense is in connection with the taxpayer's trade or business, if it is expended in the pursuit of income or in connection with property held for the production of income, it is allowable."

In carrying out the purpose of the amendment the following Regulations were promulgated:

"Treasury Regulations 103, § 19.23(a)-(15)

"* * * Fees for services of investment counsel, custodian fees, clerical help, office rent, and similar expenses paid or incurred by a taxpayer in connection with investments held by him are deductible under Section 23(a) (2) * * *

"Expenditures incurred for the purpose of preparing tax returns (except to the extent such returns relate to taxes on property held for the production of income), for the purpose of recovering taxes (other than recoveries required to be included in income), or for the purpose of resisting a proposed additional assessment of taxes (other than taxes on property held for the production of income) are not deductible expenses under this section, except that part thereof which the taxpayer clearly shows to be properly allocable to the recovery of interest required to be included in income."

■ These Regulations clearly deny the deduction sought by the taxpayer in the instant case and allow only expenses incurred for the production or collection of income and those that have a proximate and reasonable relation thereto. The question to be decided in each specific instance is just what is the nature of the expense. The amount must be reasonable and bear a reasonable and proximate relation to the production or collection of income, or to the management, conservation or maintenance of property held for that purpose. Mertens, Law of Federal Income Taxation, Vol 4, Sec. 25.118. If such expense is strictly personal in its nature, clearly it does not come within the provisions of the statute and the interpretation placed upon it by decisions which have been rendered since its enactment. Nor does it

come within the provisions of the regulations.

In the case of R. C. Coffey v. Commissioner of Internal Revenue, 1 T.C. 579, 589, where the taxpayer paid an accountant $1,000 for adjustment of his tax liability for a tax on intangibles, it was held a proper deductible expense on the ground that it was necessary "for the management, conservation, and maintenance of property held for the production of income" but the payment to the same accountants for services in the preparation of certain trusts which the taxpayer created for his children was disallowed because this was clearly a personal expense and not within any of the statutory provisions. The charge of $550 which was allotted to general accounting and preparation of federal income tax returns for the taxpayer and his children was also disallowed.

In Wilmott v. Commissioner, 1943, 2 T. C. 321, it was held that attorney's fees and expenses of litigation are deductible under § 121 of the Revenue Act of 1942 only when the subject matter of the litigation bears a reasonable and proximate relation to the production or collection of income or to the management, conservation or maintenance of property held for that purpose.

In McFaddin v. Commissioner, 1943, 2 T.C. 395, fees paid for the recovery of an overpayment in tax were held to be not ordinary and necessary expenses paid or incurred for the production or collection of income, nor expenditures made in the management, conservation or maintenance of property held for the production of income. However, it was there held that to the extent that these attorneys' fees were paid or incurred for the collection of interest they were paid or incurred for the collection or production of income and are deductible under § 23(a) (2) as nontrade or non-business expense.

In Stoddard v. Commissioner, 2 Cir., 141 F.2d 76, the Commissioner disallowed a deduction of $522.16 which the taxpayer paid to accountants for services in contesting the payment of taxes assessed against him under § 23(a) (1) or § 23(a) (2). The court denied the claims of the taxpayer and held that the fees that were paid to the tax accountants were not an ordinary and necessary expense paid for the production or collection of income or in the management, conservation or maintenance of property held for the production of income.

To the same effect Hord v. Commissioner, 6 Cir., 143 F.2d 73.

██ We believe that the Regulations are in complete harmony with the purposes of the statute and that the Commissioner did not exceed his authority in issuing them. The language of the regulations implement the statute and the meaning of the regulations is not strained or artificial. Helvering v. Reynolds, 313 U.S. 428, 433, 61 S.Ct. 971, 85 L.Ed. 1438, 134 A.L.R. 1155; Morrissey v. Commissioner, 296 U. S. 344, 354, 355, 56 S.Ct. 289, 80 L.Ed. 263.

The decision of the Tax Court of the United States is affirmed.