Samuel Thorne v. Commissioner.
Thorne v. Commissioner
Docket No. 4064.
United States Tax Court
1944 Tax Ct. Memo LEXIS 90; 3 T.C.M. (CCH) 1049; T.C.M. (RIA) 44323; October 6, 1944
*90 James C. Mulligan, Esq., 20 Exchange Place, New York 5, N. Y., for the petitioner. Thomas R. Charshee, Esq., and Elizabeth C. Kelly, for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax against Samuel Thorne for the year 1940 in the sum of $5,866.36. The single issue raised by the pleadings is whether, under section 23 (a) (2), I.R.C., the petitioner is entitled to deduct amounts expended as attorneys' and accountant's fees for services rendered in litigation and other matters involving his personal income tax. Findings of Fact The facts are all contained in the stipulation which, together with the exhibits attached thereto, we adopt as our findings of fact. For our present purposes, the facts may be stated briefly as follows: The petitioner is an individual residing at Rye, New York. His income tax return for the year 1940 was filed with the collector of internal revenue for the second district of New York. The petitioner is a member of the bar of the state of New York. He substantially retired from the active practice of law in the year 1934 and since that time has devoted a substantial part of his time *91 to charities and his income has been derived principally from securities and other property held by him. In his practice, the petitioner handled no tax matter and had only a superficial knowledge of tax law. His Federal income tax returns were prepared for him by his accountant. During the year 1940 the petitioner received a refund of income tax for the year 1929 in the amount of $13,872.97 and a payment of interest in the amount of $10,638.69. For their services and expenses in connection with obtaining said refund of income tax and payment of interest, together with another refund of income tax and the payment of interest for the year 1929, obtained in 1938, and the elimination of a claimed deficiency for the year 1929, the petitioner in 1940 paid his attorneys the sum of $8,319.95 as a final payment and claimed this amount as a deduction in his return for 1940. The respondent disallowed the deduction but now concedes that $2,618.32 of this amount should be allowed as a deduction, such amount being attributable to the legal expenses paid in connection with the aforementioned payment of interest. For their services and expenses, in connection with resisting a proposed deficiency *92 in income tax for the year 1934, the petitioner in 1940, paid the sum of $4,762 to his attorneys and claimed this amount as a deduction in his return for 1940. The respondent disallowed this deduction in his notice of deficiency. The tax liability of the petitioner for the year 1933 was affected by the case of United States v. Frederick Pleasants ( 1939), 305 U.S. 357 [39-1 USTC [9228]. In 1940 the petitioner paid $800 to the attorney handling the Pleasants' case as a contribution for legal services and expenses in connection therewith and claimed this amount as a deduction in his return for 1940. This was likewise disallowed by the respondent. As a result of the decision in the Pleasants case, supra, the petitioner in 1939 received a refund of income tax for the year 1933 in the amount of $13,778.82 and a payment and refund of interest in the respective amounts of $3,109.64 and $1,517.93. The latter amount had been paid and claimed as a deduction in 1936. For their services and expenses in connection with obtaining the above mentioned refund of income tax and interest and payment of interest, the petitioner in 1940 paid his attorneys the *93 sum of $681.28 as a final payment and claimed this amount as a deduction in his return for 1940. The respondent disallowed this sum in his notice of deficiency but now concedes that of the total disallowed the amount of $171.28 should be allowed as a deduction, such amount being attributable to legal expenses paid in connection with the aforementioned payment of interest. For their services and expenses in connection with prosecuting unsuccessfully a claim for refund of income tax for 1931 the petitioner in 1940 paid his attorneys the sum of $1,079.91 as a final payment and claimed this amount as a deduction in his return for 1940. This was disallowed by the respondent. In 1940 the petitioner paid $660 to an accountant for his services in connection with the preparation of the petitioner's personal income tax return for 1939, together with the returns of various trusts of which the petitioner was trustee, which amount was claimed as a deduction in his return for 1940 and which was disallowed by the respondent in his notice of deficiency. During 1940 the petitioner had management expenses of $6,172.99 which were not claimed by him a deduction in his return. In his notice of deficiency *94 the respondent allowed such expenses to the extent of $4,973.13, being the portion thereof applicable to taxable income. The respondent now concedes that because of his allowance of deductions for legal expenses in the total amount of $2,789.60, the petitioner's taxable income will be adjusted and that necessary adjustments should consequently be made in the recomputation under Rule 50 in the allowable deductions for management expenses and charitable contributions. Opinion VAN FOSSAN, Judge: The sole question is whether the amounts paid by the petitioner as attorneys' and accountant's fees may properly be deducted under section 23 (a) (2) of the Internal Revenue Code, amended by section 121 of the Revenue Act of 1942. The provision is set forth in the margin. [1]
*95 As has been stated in the findings of fact, the respondent now concedes that of the total amounts claimed by the petitioner, those portions of the expenses which are attributable to the payments of interest are properly allowable as deductions. The petitioner makes no claim in his brief that the remaining portions of the expenses should be allowed as deductions and hence we must consider that his contentions as to these amounts have been abandoned. It may be observed in passing that on the facts before us these amounts could not be allowed as deductions. The expenses were incurred for the most part in connection with contests over the petitioner's liability for personal income tax for prior years. The petitioner has not shown, as he must in order to prevail, that the expenses were incident to litigation involving a subject matter having "a reasonable and proximate relation to the production of income or to the management, conservation or maintenance of property held for that purpose." John W. Willmott, 2 T.C. 321; Hord v. Commissioner, 143 Fed. (2d) 73; cf. Walter S. Heller, 2 T.C. 371; *96 Charles N. Manning, 3 T.C. 853. Because of the concessions made by the respondent, the deficiency must be recomputed. Therefore, Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. * * * * *
(2) Non-Trade or Non-Business Expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.↩