## COMMISSIONER OF INTERNAL REVENUE v. KENAN et al.

### No. 90.

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and L. W. Post, Sp. Assts. to the Atty. Gen., for petitioner Commissioner of Internal Revenue.

George E. Cleary, of New York City, for respondents William R. Kenan, Jr., and Lawrence C. Haines.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question before us is whether $25,-867.31 paid in the year 1940 by the respondents as trustees under the will of Mary Lily (Flagler) Bingham were "ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income" and thus deductible in computing income tax under Section 23 (a) (2) of the Internal Revenue Act of 1942, 26 U.S.C.A.Int.Rev.Code, § 23(a) (2), which amended Section 23(a) by adding subdivision (2), supra. The Tax Court allowed the deduction and the Commissioner of Internal Revenue appeals. In our opinion the Commissioner was right and the decision of the Tax Court must be reversed.

The $25,867.31 objected to by the Commissioner, but allowed by the Tax Court, was part of the sum of $210,741.93 paid by the trustees as expenses all of which were allowed by the Tax Court and all but the $25,867.31 stipulated by the parties to have been "ordinary and necessary expenses paid during the tax year for the production or collection of income or for the management, conservation or maintenance of property held for the production of income."

The items constituting the $25,867.31 were all fees and charges paid to the attorneys for the trustees in the following amounts and relating to the following services:

(1) Items amounting to $16,439.96 represented fees and charges paid by the trustees to their attorneys in connection with the litigation as to income taxes before this court dealt with in our opinion in Kenan Jr., v. Commissioner, 114 F.2d 217. The question there decided against the trustees was whether a distribution by the trustees to a legatee in payment of $5,-000,000 upon her reaching forty years of age resulted in a taxable gain to the trust where the securities distributed in payment had appreciated in value during the period during which they were held by the trustees. We there held that the appreciation was taxable as a capital gain.

(2) Items amounting to $780.85 represented fees and charges of the trustees' attorneys for services in connection with the annual payment of $75,000 by the trustees during the continuance of the trust to the University of North Carolina.

(3) The remaining items aggregating $8,646.50 consisted of fees and charges of the trustees' attorneys paid by the trustees for services in respect to the tax and other problems resulting from the expiration of the trust and delivery of the corpus to the legatees in remainder. The amount paid for fees included in (3) was for the following services as set forth in the stipulation of the parties:

"For services in considering the tax problems resulting from the expiration of the trust, advice as to the present status of the Trust for tax purposes, and as to various methods whereby the various properties of the Trust might be continued as a single unit in the future; investigation of various questions of law and preparation for the Trustees of a memorandum in which the recommendation was made that the stocks of certain companies owned by the Trust be placed in one or more Voting Trusts; formation of Voting Trusts; advice relative to indebtedness owed by two of the principal corporations; preparation of documents; and assisting the Trustees in delivery of the assets of the Trust to the legatees ............. $8,500.00"

It is the contention of the Commissioner that all of the foregoing expenses were paid by the trustees in connection with the distribution of the property to legatees under the will of Mary Lily (Flagler) Bingham, were in the nature of capital expenditures and were not deductible under Section 23(a) (2) of the Internal Revenue Act as amended. A majority of the Tax Court held that the above legal fees and charges were necessary expenses paid "for the management, conservation or maintenance of property held for the production of income" and, as such, were properly deductible.

■■ The payment of $16,439.96 made by the trustees for legal services in connection with the litigation of Kenan, Jr. v. Commissioner, 114 F.2d 217, in which they sought to establish that the appreciation in value of the securities turned over to the legatee as a part payment of the legacy of $5,000,000 bequeathed under the will of Mary Lily (Flagler) Bingham did not represent a "taxable" gain to the estate, cannot be regarded as a payment for the "management, conservation or maintenance of property held for the production of income." It was not made as a recompense for management or maintenance of the trust property since that property was not held for the production of income but was in the hands of the trustees ready for distribution. Taxes laid upon it had nothing to do with the production of taxable gain or ordinary income. The expense of contesting the taxes had no relation to the "management, conservation or maintenance of property held for the production of income". The contest was not in order to produce income and the expenditure accordingly had no bearing upon such a purpose. To be deductible as expenses for management they must relate to the production of income or to the maintenance of property held for that purpose. They were not deductible when incurred merely to prevent the incidence of taxes which neither affected the yield of investment capital nor its appreciation.

In Stoddard v. Commissioner, 141 F.2d 76, we held that a payment to accountants for services in contesting income taxes assessed against an individual were not deductible under Section 23(a) (2). Fees paid to lawyers for a similar object plainly are not different. The Court of Appeals of the First Circuit denied such a deduction in Higgins v. Commissioner, 143 F.2d 654, and the Court of Appeals of the Sixth Circuit in Hord v. Commissioner, 143 F.2d 73, rendered a decision to much the same effect. It does not seem reasonable to suppose that litigating the question whether a taxable gain in the trust securities had arisen was to manage or conserve or maintain the securities which had appreciated in value.

■■ The items of $780.85 for services in connection with the annual payments to the University of North Carolina were not deductible as expenses. They had no relation to the production of income, or to the conservation of property held for that purpose. They only related to legal advice in respect to distribution to a legatee, and not to the management of any property held for the production of income. Only by an extremely liberal interpretation of an exemption clause, which must be construed not broadly but strictly, could such services be regarded as coming within the meaning of the word "management".

■■ The items aggregating $8,646.50 were likewise paid for services connected with the distribution of the trust estate and not with the production of income or the management of property held for the production of income. The services were performed after the trust had ended and only a distribution of the corpus to the legatees under the will remained to be effected. Advice in keeping the trust assets together and forming voting trusts for that purpose and work in setting up such voting trusts involved personal services rather than management of the trust estate by trustees. Any other payments for services which might possibly be thought to come within Section 23(a) (2) are not sufficiently disclosed in the record to justify regarding them as deductible for income tax purposes.

In view of the foregoing, the order of the Tax Court is reversed and the proceeding remanded.