Joseph Hexter v. Commissioner.
Hexter v. Commissioner
Docket No. 3305.
United States Tax Court
1944 Tax Ct. Memo LEXIS 14; 3 T.C.M. (CCH) 1296; T.C.M. (RIA) 44399; December 8, 1944
*14 J. C. Murphy, Esq., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: In this case there is involved income tax liability for the calendar year 1941. A deficiency of $765.23 was determined by the Commissioner, based upon the addition to petitioner's income, as reported, of excise tax of $42.50, and $1,300 expense of contesting deficiencies in income tax. Error is not assigned as to the $42.50, nor is it presented upon trial or brief. [The Facts] From evidence adduced we find: That during the taxable year 1941 the petitioner was president and general manager of Columbia Baking Co., and received dividends on stock in that company; that the company owns 17 baking plants in the southeastern states; that the petitioner looked after the employment of all assistants, accountants, bookkeepers, plant managers, superintendents, and performed general administrative duties; that he received a basic salary of $30,400 per year, plus a bonus; that in the taxable year he paid an accountant $1,300 fees and expenses for services in investigating and identifying bank deposits, going over his records and those of a bank, all for the years *15 1935, 1936, and 1937, then under investigation by the Bureau of Internal Revenue; that among the items being investigated were unreported income from dividends and rebates, bank deposits, capital gain from sales of securities, and commissions received, also personal traveling expenses incurred by petitioner's wife on a trip to Europe, made by the petitioner to study the baking industry; that the above expense incurred by the petitioner's wife was disallowed, and the bank deposits actually identified by the efforts of the accountant were eliminated from petitioner's income by the Bureau of Internal Revenue; that in 1935 the petitioner received rebates and other income, the majority of which was never identified in the bank deposits, and the connection with petitioner's business was not established; that the Bureau was at that time charging the petitioner with fraud in having failed to report numerous items of income; and that the accountant was retained, in part, to clear up the situation as to fraud charges. The petitioner in his income tax return for the taxable year stated his principal occupation to be corporation executive, and deducted the $1,300 as "expenses in connection with *16 contesting income tax deficiencies." It is the petitioner's contention that under the above facts the $1,300 paid is an allowable deduction under section 23 (a) of the Internal Revenue Code as amended by section 121 of the Revenue Act of 1942. He argues that he was engaged in business, but that if not, the $1,300 is deductible as a non-trade or non-business deduction, in that the payments were made for conservation of property, in view of the fact that petitioner would have been compelled to sell income-producing stocks in the event that he had been compelled to pay the original proposed tax liability. Such view that property is conserved because it might have been required to pay taxes is disposed of unfavorably to petitioner's contention in John W. Willmott, 2 T.C. 321.(326); also, in the recent case of Commissioner v. Kenan, 145 F.2d 568. See also Stoddard v. Commissioner, 141 F.2d 76. Indeed, no factual showing is made that petitioner would have had to dispose of income-producing stocks in order to pay the contested taxes. The expense here sought as deduction is not shown *17 to involve a reasonable or proximate relation to the production or collection of income, or management, conservation or maintenance of property held for production of income. We hold that section 121 of the Revenue Act of 1942 does not authorize the deduction claimed as a non-business expense. Nor may the deduction be allowed as an ordinary and necessary expense of business. The amount involved was paid, as a lump sum, for fees and expenses paid the accountant, and covered, in addition to matters possibly properly connected with business, matters not shown to have been business connected, including personal expenses of petitioner's wife, and rebates and commissions, also gains on sales of securities, whether the petitioner is not shown to have been in business involving such items. Assuming the petitioner to have been in business in some matters, it is impossible to prorate the expense involved here between such business matters and those not shown to be such. The record affords no means of allocating, even by estimate, any business matters from those not business, so that the whole deduction must be disallowed, both as business and non-business expense. Decision will be entered *18 for the respondent.