## ARCADIA REFINING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9778.

Circuit Court of Appeals, Fifth Circuit.

April 2, 1941.

Frank Bezoni, of Tyler, Tex., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Samuel H. Levy, Sewall Key, and Mamie S. Price, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ellyne E. Strickland, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The question is whether certain money received by the petitioner in settlement of its law suit against its unfaithful officer and others was income under Section 22 of the Revenue Act of 1934, 26 U.S.C.A.

Int.Rev.Acts, page 669. The Board of Tax Appeals found that $105,000 was received by petitioner; that $21,260.18 of it represented a return of capital; and that the balance of $83,739.82 was a recovery of profits taxable as income to petitioner in 1935.

In 1933, petitioner was a Texas corporation engaged in the business of producing and marketing oil. John Herschbach was a vice-president and director of the company acting as general manager of the Texas branch. On April 3, 1933, he and his brother organized the Illinois Oil Corporation (and, later, the Ajax Oil Corporation) for the purpose of engaging in the same type of business. Herschbach, secretly and without authority, used assets belonging to petitioner to finance the competitive companies, including $22,714.49 in cash, credit for the purchase of equipment, furniture, vehicles, and other personal property.

The misappropriated money and property was used to acquire oil leases which proved very profitable. Prior to June, 1934, all except $161.47 of the money appropriated was repaid, and all the debts incurred upon petitioner's credit were discharged. In addition, the two companies had realized profits amounting to $104,585.95, not inclusive of the value of potential future profits. The misconduct of the officers was discovered in June, 1934, and, in December, 1934, petitioner filed suit against the Herschbachs and others claiming by and through them.

Petitioner's pleadings disclose the character of relief sought, and the compromise agreement shows the nature of the recovery obtained. The bill prayed for an accounting and sought to enjoin the defendants from disposing of any of their property. The suit was settled, and the agreement by which it was effected disposed of all the matters in controversy. Herschbach surrendered his stock in petitioner, conveyances were made, and petitioner received the cash, notes, and oil payments which made up its recovery in the sum of $105,000.

■ Was the settlement merely a profitless conversion of capital asssets? We think not. The Board allowed credit for the amounts obtained for the misappropriation of such assets. Its findings are fully supported by the evidence, and should not be disturbed. The finding that

the balance of $83,739.82 was taxable income to the petitioner within the meaning of Section 22 of the Revenue Act of 1934 must be upheld. See United States v. Safety Car Heating Co., 297 U.S. 88, 56 S.Ct. 353, 80 L.Ed. 500; Higgins v. Commissioner, 61 S.Ct. 475, 85 L.Ed. ——, February 3, 1941, H. Liebes & Co. v. Commissioner, 9 Cir., 90 F.2d 932. Compare definitions of "income" in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570; Merchants' L. & T. Co. v. Smietanka, 255 U.S. 509, 41 S.Ct. 386, 65 L.Ed. 751, 15 A.L.R. 1305; Miles v. Safe Deposit Co., 259 U.S. 247, 42 S.Ct. 483, 66 L.Ed. 923; North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197.

Affirmed.