**Ethel A. DOLL, Plaintiff,**

v.

**Seldon R. GLENN, etc., Defendant.**

**Civ. A. No. 2656.**

United States District Court,
W. D. Kentucky, at Louisville.

Aug. 4, 1954.

Lee S. Jones, Louisville, Ky., W. Scott Miller, .Sr., W. Scott Miller, Jr., Louisville, Ky., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, George T. Rita, Sp. Assts. to Atty. Gen., J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action was filed August 18, 1953 by the plaintiff, Ethel A. Doll, seeking to recover $6,748.38, together with interest, which she avers that she paid to the defendant as Collector of Internal Revenue for the District of Kentucky, pursuant to a jeopardy assessment made by the Collector, for the Commissioner, under date of April 12, 1951. She alleges that the assessment was erroneous and illegal, and that seasonably she filed her claim

for refund which received no action for more than six months following its filing.

Case was tried to the Court without a jury on the 22nd day of January, 1954, and an opportunity given counsel for plaintiff and defendant to present the case on brief. It was submitted to the Court on March 1, 1954.

The Court makes the following

Findings of Fact

1. For the calendar year 1949, the plaintiff, Ethel A. Doll and her husband, Harrison A. Doll, resided in Jefferson County, Kentucky, and filed with the defendant, Seldon R. Glenn, as Collector of Internal Revenue for the District of Kentucky, their joint income tax return, in which they disclosed a net taxable income, after the allowance of three exemptions, of $3,605.76, upon which they paid to the Collector a tax of $598.56.

2. Thereafter, the taxpayers, Harrison A. and Ethel A. Doll, received from the Collector notice that there had been assessed under the provisions of the Internal Revenue laws applicable to jeopardy assessments a deficiency assessment in the amount of $6,388.62 and interest of $357.67, making a total of $6,743.29, which when paid by her with interest aggregated $6,748.38, tax and interest having been paid in three installments.

3. Seasonably, after the payment of the tax and interest, the plaintiff filed her claim for refund in which she alleged in substance that the additional assessment made by the Commissioner in the sum of $28,556.85 income for the calendar year 1949 was an arbitrary treatment by the Commissioner as income of bank deposits. She alleges that the Doll Lumber Company was being operated in Louisville by her husband and that it ceased business March 31, 1949 and was sold on that day for a consideration of $35,000, and that on April 12, 1949 a part of the consideration of the sale of the lumber business in the sum of $24,851.75 was deposited in the bank and was a major part of the amount assessed as income by the Commissioner, but that said amount was taken into account erroneously and was not income, but the return of capital resulting from the sale of the Doll Lumber Company assets.

In her complaint filed here, she alleges that the bank deposits in the sum of $28,556.85 constituting the additional income involved in the Commissioner's assessment were the proceeds of the sale of the lumber, machinery and equipment of the Doll Lumber Company. That the lumber, machinery and equipment had an adjusted cost basis of $35,831.63 and the purchase price received was $35,000.00, and resulted in a loss of $831.63.

In the trial, the plaintiff and the defendant stipulated that the jeopardy assessment was made by the Commissioner, and the tax and interest set forth in her complaint paid, and further stipulated that the amount of the jeopardy assessment computed as income tax on bank deposits in 1949 in the sum of $28,556.85 were deposits in the Security Bank, in which bank both H. A. Doll and the Doll Lumber Company had separate accounts.

4. At the trial, counsel for plaintiff by agreement with counsel for the Government filed five exhibits as follows:

Exhibit 1, the joint income tax return of the plaintiff and her husband for the calendar year 1949.

Exhibit 2, the Commissioner's basis of recomputation of income which constituted the basis for the additional assessment.

Exhibit 3, photostatic copy of the contract of sale of the Doll Lumber Company.

Exhibit 4, a deposit slip of $31,500, evidencing a deposit in the Farmers and Depositors Bank at St. Matthews, Kentucky, on April 12, 1949.

Exhibit 5, a photostatic copy of the bank account of the Doll Lumber Company in the Security Bank at Louisville, Kentucky, beginning November 20, 1948 and ending April 13, 1949.

5. There was filed for the Government the following exhibits:

Exhibit 1, a photostatic copy of the account of Harrison A. Doll in the Se-

urity Bank under the name of H. A. Doll, from January 4, 1949 through December 29, 1949.

Exhibits 2, 3, 4, 5 and 6 are photostatic copies of checks aggregating $35,000, paid by the purchasers of Doll Lumber Company.

Exhibit 7, a deposit slip evidencing the same deposit to the credit of H. A. Doll in the Farmers and Depositors Bank at St. Matthews, Kentucky, on April 12, 1949, as the original deposit slip filed by the plaintiff as Exhibit 4.

6. The deposits and evidence of the deposits by the exhibits filed were verified by Joseph E. Hughes, an officer of the Farmers and Depositors Bank of St. Matthews, Leon C. Rausch, an officer of the Security Bank, and by Gordon L. Brown, one of the purchasers of the Doll Lumber Company.

7. There testified also Edwin J. Sillings, Collection Officer of the Internal Revenue Office at Louisville and Mr. Paul J. Albertine, an Internal Revenue Agent from the Louisville office, who were primarily the ones who handled the assembling of the information upon which the deficiency assessment was based. They testified that the taxpayer had no books or records, but Albertine testified that all of the deposits of the H. A. Doll account for the calendar year 1949 were considered as income and these deposits aggregated $28,556.85 and this amount constituted the amount of income upon which the deficiency tax was assessed. Mr. Albertine said that he examined the bank accounts of H. A. Doll and the Doll Lumber Company in the Security Bank and also the bank account of H. A. Doll in the Farmers and Depositors Bank at St. Matthews, and after eliminating all inter-bank transfers that could be identified and also eliminating the checks that could be identified from the sale of the Doll Lumber Company, the amount of $28,556.85 was regarded as income and the assessment made thereon.

There were eight deposits in the account of H. A. Doll in the Security Bank during the calendar year 1949, beginning with a deposit of $63.50 on January 11, 1949, and concluding with a deposit of $1,350 on November 29, 1949, the largest single deposit being $24,851.75 on April 12, 1949.

No one testified for the plaintiff that all or any part of the deposit to the credit of H. A. Doll in the Farmer's Bank on April 12, 1949 constituted the amount of a final withdrawal on April 13, 1949 from the Doll Lumber Company account of $23,997.42, though counsel for the plaintiff stated, after concluding cross examination of Mr. Albertine that cancelled checks which had not been available to Mr. Albertine had been received by counsel on the previous day, but the checks were not exhibited and were not introduced in evidence.

8. The plaintiff has failed to show by any evidence that any part of the proceeds of the sale of the Doll Lumber Company was deposited to the credit of H. A. Doll in the Security Bank.

From the foregoing facts arising out of the stipulation and testimony, the Court makes the following

### Conclusions of Law

1. When a taxpayer challenges the Commissioner's determination of gain as erroneous, he must prove facts fixing the gain and furnishing a basis for judgment. Where a petitioner elects to stand upon technical grounds and fails to carry the burden of showing that the Commissioner's determination of gain is erroneous, the assessment of the Commissioner must be upheld. Hord v. Commissioner, 6 Cir., 143 F.2d 73. The presumption of the correctness of the Commissioner's finding is one of law. It disappears when evidence sufficient to sustain a contrary finding has been introduced. Crude Oil Corporation v. Commissioner, 10 Cir., 161 F.2d 809.

It was held by our Court of Appeals in Hoefle v. Commissioner of Internal Revenue, 6 Cir., 114 F.2d 713, that the naked statement by the petitioner that he had no other income was insufficient to overcome the Commis-

sioner's findings. In this case the naked statement of the taxpayer is lacking.

2. A deficiency arbitrarily determined and apparently excessive can not be sustained. Stockyards National Bank of South St. Paul v. Commissioner, 8 Cir., 153 F.2d 708. The last case referred to is also authority that the burden of proving facts necessary to establish a right to take a deduction and, a fortiori, the burden of proving that an amount assessed as income was not income, as applied specifically to this case, require proof by the taxpayer that the deposits assessed as income by the Commissioner did not constitute income but the return of capital.

3. The plaintiff leans upon Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, which was a case before the Board of Tax Appeals following an assessment by the Commissioner, and there the Court said that in an action to *recover taxes paid* the burden was on the plaintiff, in order to establish a basis for judgment in his favor, specifically to show not merely that the assessment was erroneous but also to show the amount to which he was entitled.

Subsequently, in Durkee v. Commissioner, 6 Cir., 162 F.2d 184, 187, 173 A. L.R. 553, Judge Miller, writing for our Court of Appeals said:

"* * * where it is apparent from the record that the Commissioner's determination is arbitrary and excessive, the taxpayer is not required to establish the correct amount that lawfully might be charged against him, and he is not required to pay a tax that he obviously does not owe. In proceedings before the Tax Court, *as distinguished from suits for refund in the District Court,* it is sufficient to show that the Commissioner's determination is invalid." (Italics ours.)

The distinction therefore in the case at bar was that the taxpayer plaintiff did not avail herself of the right to go into the Tax Court following the receipt of the Commissioner's notice of assessment, but paid the assessment and sought to recover it in the action in this Court.

Hence, the teaching of Helvering v. Taylor, supra, is that the burden was on the plaintiff to show that the Commissioner's assessment was erroneous and the extent to which it was erroneous. The plaintiff in this case has introduced no proof whatever with respect to any specific deposit, merely contending that there is no provision in the Internal Revenue law to the effect that gross deposits in one of three bank accounts of a taxpayer constitute a correct basis for determining net income, and states in the brief that this case involves a transfer of $24,851.75 from the Security Bank account of the Doll Lumber Company to the Security Bank account of H. A. Doll. The evidence in the case does not warrant this statement.

In the case of Goe v. Commissioner, 3 Cir., 98 F.2d 851, 852, the Court said:

"The sum of the matter is that a reviewing court will disturb a determination that particular bank deposits represent and reflect current income only if in the circumstances of the case that conclusion seems speculative and arbitrary rather than rational and fair."

In the Goe case, supra, the taxpayer had testified under oath with some explanatory elaboration that the deposits constituting the basis of the assessment were not derived from current income and contends that since the Commissioner failed to rebut his testimony by relating the deposits to any particular income producing source, he had overcome the legal presumption of validity of the Commissioner's assessment. Said the Court:

"He reasons, first and correctly, that proof of bank deposits standing alone does not establish the receipt of income. But he goes astray in his next proposition that in order to establish an inference of income the evidence must link the bank deposit with an identified income pro-

ducing activity. Of course proof of such a relationship is one way of proving that the deposit represents income. \* \* \* but many other circumstances may create the same inference. 'Deposits in checking accounts are so often made up of income that where \* \* \* that is the fair inference to be drawn from the facts it [is] proper to give it effect.' "

4. This Court has jurisdiction of the parties and of the subject matter. Title 28 U.S.C.A. § 1346(a) (1).

�In Accordingly, it is concluded that the plaintiff has failed to carry the burden of overcoming the presumption of correctness which the law imputes to the assessment of the Commissioner and her petition should be dismissed and a judgment to that effect will be tendered by counsel for the defendant.