CHALMERS CULLINS AND EMILY CULLINS, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52420, 52421, 52422. Filed June 6, 1955.

---

[1] The following proceedings have been consolidated: Docket No. 52420, Chalmers Cullins and Emily Cullins; Docket No. 52421, Edward O. Cullins and Lucile Brett Cullins; Docket No. 52422, Nate Evans and Ray Evans.

*Marx J. Borod, Esq.*, and *Irvin Bogatin, Esq.*, for the petitioners.
*Lester R. Uretz, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* The issue presented is the taxability of the sum of money which petitioners received in the compromise settlement of the claims they asserted against several distributors and exhibitors of motion picture films. The Commissioner has determined that the entire sum in question represented recovery of lost profits and that, therefore, it is taxable as ordinary income under section 22 (a) of the 1939 Code.

The taxable nature of the sum recovered in settlement of petitioners' claims is dependent upon the nature of the claims. It is well established that "since profits from business are taxable, a sum received in settlement of litigation based upon a loss of profits is likewise taxable; but where the settlement represents damages for lost capital rather than for lost profits the money received is a return of capital and is not taxable." *Durkee* v. *Commissioner*, 162 F. 2d 184, 196, and cases cited therein; and *Raytheon Production Corporation* v. *Commissioner*, 144 F. 2d 110, certiorari denied 323 U. S. 779.

The petitioners make two contentions. They assert that their recovery represented damages for tortious injury to reputation or reduction to an inferior position in their business and, therefore, constituted a return of capital. In the alternative, they contend that the recovery represented punitive damages to the extent of two-thirds; that not more than one-third represented recovery of lost profits; and that the amount received as punitive damages is not taxable. Petitioners have relied on *Glenshaw Glass Co.*, 18 T. C. 860, 868, affd. 211 F. 2d 928, and *Telefilm, Inc.*, 21 T. C. 688, 694. It is noted at the outset that both of the authorities which are cited have been reversed recently. See, *Commissioner* v. *Glenshaw Glass Co.* and *William Goldman Theatres, Inc.*, 348 U. S. 426; and *Commissioner* v. *Telefilm, Inc.*, —— F. 2d —— (May 3, 1955).

The petitioners cannot succeed under either contention.

Petitioners have failed to establish their cost or basis of any capital asset, such as goodwill, which was allegedly lost. Proof of the cost of any capital asset which might be involved is necessary because recovery of an amount in excess of cost constitutes income. It is a question of fact whether the recovery is limited to a recovery of capital. *Raytheon Production Corporation* v. *Commissioner, supra*. Petitioners, upon whom the burden of proof rested, offered no evidence on the value of one business which allegedly was destroyed, or on the value of a portion of the goodwill of another business which allegedly was lost. Furthermore, the complaint filed in the District Court did not advert to injury to goodwill or capital. Also, the evidence indicates that the defendants agreed to the compromise settlement to avoid further expenses of litigation. See *Armstrong Knitting Mills*, 19 B. T. A. 318, 321.

The suit in which petitioners joined was settled under a compromise agreement. That agreement is not before us and there is no other evidence upon which any allocation of the amount which petitioners recovered can be made. There is no evidence to establish the purpose or purposes for which the money was paid to petitioners. The petitioners made claims for recovery of $312,000 and $750,000. They received $36,363.67 in settlement. Neither the complaint, nor the settlement agreement, nor the releases, nor the evidence as a whole provides a basis for making an allocation of the recovery and finding that all or part of the sum recovered represented a return of capital.

The respondent has determined that the entire sum recovered represented recovery of lost profits. That determination is prima facie correct, and petitioners have failed to establish that it was an erroneous determination. Furthermore, a reasonable construction of the complaints in the suit which was instituted is that the petitioners, in making a claim under section 4 of the Clayton Act, sued to recover compensatory and punitive damages. They do not deny that such construction can be made of the nature of their complaint; in fact, such construction is implicit in their alternative contention. If part of the recovery was for punitive damages, such part is taxable as ordinary income. *Commissioner* v. *Glenshaw Glass Co.* and *William Goldman Theatres, Inc., supra;* and *Commissioner* v. *Teleflm, Inc., supra*. It is well settled that recovery of lost profits other than treble damages is taxable as ordinary income. *Swastika Oil & Gas Co.* v. *Commissioner*, 123 F. 2d 382, certiorari denied 317 U. S. 639. It follows that the entire recovery of $36,363.67 is taxable under section 22 (a). The respondent's determinations are sustained.

*Decisions will be entered for the respondent.*