BRUCE E. YOUNKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Younker v. Commissioner
Docket No. 31680-87
United States Tax Court
T.C. Memo 1990-124; 1990 Tax Ct. Memo LEXIS 124; 59 T.C.M. (CCH) 68; T.C.M. (RIA) 90124; March 12, 1990
William Randolph Klein, for the petitioner. Francis C. Mucciolo, for the respondent. SHIELDS
*191 MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In a notice of deficiency dated June 23, 1987, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax under Sections [1]
Year
Deficiency
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6661(a)
1980
$ 19,202
$ 1,032
1981
44,512
$ 2,226 *   1982
19,215
$ 1,846
916 **  $ 4,804
1983
10,703
2,676
941 *** 2,676
*127 There are several issues involved in this case. However, the record contains no evidence with respect to the following: (a) whether petitioner realized a long-term capital gain of $ 32,204 from the sale of his interest in a partnership known as the Crossroads Shopping Center instead of the gain of $ 24,796 reported in his 1982 income tax return; (b) whether petitioner realized a long-term capital gain of $ 3,291 from the sale of a lot in Country Road Estates instead of the gain of $ 1,190 reported in his 1983 income tax return; (c) whether petitioner is entitled to a deduction of $ 550 in his 1983 Schedule C for legal and professional services since he also deducted the same amount as an itemized expense; and (d) whether petitioner is entitled to a claimed 1983 Schedule C deduction of $ 3,827 for utilities and telephone expenses when he *192 incurred such expenses only in the amount of $ 1,786. Respondent's determinations on these issues are presumptively correct, and petitioner has the burden of proving that they are erroneous. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Since the record is devoid of any evidence on these issues, we conclude that they *128 have been abandoned by petitioner and respondent's determinations with respect to them are sustained. The issues actually raised by petitioner are as follows: (1) whether the assessment of the deficiencies in and additions to tax determined by respondent are barred by the statute of limitations, and if not, whether petitioner: (2) failed to report commission income received in 1980; (3) failed to report income from GPC Associates, a partnership, in the amounts of $ 14,599 for 1981, $ 7,785 for 1982, and $ 17,433 for 1983; (4) failed to report income of $ 81,411 in 1981, and $ 10,000 in 1982 received from John H. Wilbanks who owed petitioner real estate commissions in excess of those amounts; (5) failed to report income of $ 36,000 received in 1982 from John H. Wilbanks through petitioner's wholly-owned subchapter S corporation Bruce Younker & Company; (6) failed to report interest and dividend income of $ 10,875 in 1982; (7) overstated a loss by $ 3,454 in 1981 from the Crossroads Shopping Center partnership; (8) erroneously reported $ 2,953 as a long-term capital gain in 1983 instead of a short-term capital gain from the Younker, Hunt and Ross partnership; (9) failed to report a *129 commission of $ 2,325 earned in 1983 from the sale of property; (10) is entitled to deduct expenses and depreciation on his Mercedes in 1980, 1981, 1982, and 1983 in excess of the amounts allowed by respondent; (11) is entitled to an interest deduction of $ 1,169 in 1983 for payments made on his mother's car loan; (12) is liable for additions to tax in 1982 and 1983 under section 6651(a)(1); (13) is liable for an addition to tax under section 6653(a) for 1980; (14) is liable for additions to tax under sections 6653(a)(1) and 6653(a)(2) for 1981, 1982, and 1983; and (15) is liable for additions to tax under section 6661(a) for 1982 and 1983. Many of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference . Since the issues are primarily factual, we are combining our findings of fact and opinion. The issues will be discussed in the order in which they are listed above. (1) Statute of Limitations. Petitioner, a real estate broker, was a resident of Sarasota, Florida, when he filed his petition in this case. He filed his income tax *130 retrun for 1980 on May 8, 1981. The notice of deficiency was mailed by respondent to petitioner on June 23, 1987, which is well beyond the three-year statutory period provided by section 6501(a) for an assessment. However, the statutory period for assessment is six years from the date a return is filed if the taxpayer omits from his or her gross income an amount exceeding 25-percent of the amount of gross income stated in the return. Sec. 6501(e)(1)(A). In this case, the parties have stipulated that for 1980 there is an adjustment to petitioner's gross income of $ 45,412, which is discussed hereinafter and found to be correct. Since this adjustment exceeds 25-percent of the gross income stated in petitioner's income tax return for 1980, the six-year statute provided by section 6501(e)(1)(A) is applicable. Furthermore, before the expiration of the six-year statute of limitations for 1980, petitioner and respondent signed on January 27, 1987, a Form 872-A in which the statute of limitations was extended indefinitely. Sec. 6501(c)(4). Consequently, the statutory period for assessment for *131 1980 had not expired when the notice of deficiency was mailed to petitioner and will not expire until 60 days after our decision becomes final. Sec. 6503(a)(1). Petitioner's income tax return for 1981 was filed on September 7, 1982. Within the three-year period provided by section 6501(a) petitioner, on February 13, 1985, and respondent on March 26, 1985, signed a Form 872-A extending the statute of limitations for 1981 indefinitely. Sec. 6501(c) (4). Thus, on June 23, 1987, the date the notice of deficiency was mailed to petitioner, the statutory period for assessment had not expired for 1981 and will not expire until 60 days after our decision becomes final. Sec. 6503(a)(1). Petitioner's income tax return for 1982 was filed on November 22, 1983. Within the three-year period provided by section 6501(a) petitioner, on April 26, 1986, and respondent on May 5, 1986, signed a Form 872-A extending the statute of limitations for 1982 indefinitely. Sec. 6501(c)(4). Thus, on the date the notice of deficiency was mailed to petitioner the statutory period for assessment had not expired for 1983 and will not expire until 60 days after our decision becomes final. Sec. 6503(a)(1). *132 Petitioner's income tax return for 1983 was filed on April 17, 1985. On June 23, 1987, which is within the three-year period provided by section 6501(a), respondent mailed the notice of deficiency to petitioner. Thus, on the date the notice was mailed to petitioner the statutory period for assessment for 1983 had not expired and will not expire until 60 days after our decision becomes final. Sec. 6503(a)(1). In view of the foregoing, we conclude that the assessment of any deficiency in tax or addition *193 to tax for the years 1980 through 1983 is not barred by the statute of limitations. (2) Commission Income. In 1979 petitioner and James W. Gardner each owned 50-percent of the stock of Younker-Gardner, Inc., a real estate brokerage firm. During the year the firm earned a real estate commission of $ 90,824.50 from the sale of certain real property to GPC Associates, a partnership. At the closing of the sale, Mr. Gardner, without petitioner's knowledge or consent, contributed the commission to GPC Associates in exchange for a 2.5-percent interest in the partnership, which interest was held by Mr. Gardner or a separate corporation of his known as James W. Gardner Corporation. *133 Petitioner subsequently learned of Mr. Gardner's actions with respect to the $ 90,824.50 commission earned by Younker-Gardner, Inc., and demanded his one-half of the commission. On January 1, 1980, petitioner, James W. Gardner Corporation, and Mr. Gardner entered into an agreement in settlement of petitioner's claim. Under the terms of the agreement, petitioner received 50-percent of the 2.5-percent interest in GPC Associates. Petitioner reported no income in his 1980 income tax return in connection with his receipt of the partnership interest in GPC Associates, which interest had a fair market value of $ 45,412 when received by petitioner in 1980. Petitioner's receipt of the partnership interest in settlement of his claim for a share of the corporate profits misappropriated by Mr. Gardner constitutes taxable income to petitioner in 1980 to the extent of the fair market value of the partnership interest. See Arcadia Refining Co. v. Commissioner, 118 F.2d 1010 (5th Cir. 1941), affirming a Memorandum Opinion of this Court. We therefore sustain respondent's determination on this issue. (3) Unreported Income from GPC Associates Partnership. At the *134 end of each of the years 1981, 1982, and 1983 petitioner was furnished with a Form 1099-MISC setting forth his distributive share of the income of GPC Associates for the year. He was also furnished with Schedules K-1 reflecting his interest in the partnership during those years. For the years 1981, 1982, and 1983 petitioner's share of the income of GPC Associates was $ 14,599, $ 19,098, and $ 27,958, respectively. On his returns for such years he reported income from the partnership in the respective amounts of zero, $ 11,313, and $ 10,525 and failed to report $ 14,599, $ 7,785, and $ 17,433, respectively. Accordingly, we sustain respondent's determinations with respect to this issue. (4) and (5) Amounts Received from John H. Wilbanks. Prior to and during 1981 and 1982, John H. Wilbanks became indebted to petitioner for real estate commissions and real estate services in amounts in excess of $ 91,411. During 1981 and 1982 petitioner received and deposited in his personal bank account $ 81,411 and $ 10,000, respectively, from Mr. Wilbanks. Petitioner did not give any promissory note or other evidence of indebtedness to Mr. Wilbanks with respect to such payments. Prior *135 to 1981 and during 1981 and 1982, Mr. Wilbanks became indebted to Bruce Younker & Company, a subchapter S corporation wholly-owned by petitioner, for real estate commissions and real estate services in amounts in excess of $ 36,000. In 1982 petitioner received $ 36,000 from Mr. Wilbanks which he deposited in the bank account of Bruce Younker & Company. Neither petitioner nor Bruce Younker & Company gave a promissory note or other evidence of indebtedness to Mr. Wilbanks with respect to the $ 36,000. In 1983 Mr. Wilbanks filed a lawsuit against petitioner in the Circuit Court for Sarasota County, Florida, in an attempt to recover the payments made to petitioner in 1981 and 1982. In the lawsuit Mr. Wilbanks alleged that he had loaned the money to petitioner. In an amended answer, petitioner denied that Mr. Wilbanks had loaned him the money and affirmatively claimed setoffs for unpaid real estate commissions and land development services allegedly due him by Mr. Wilbanks. On December 14, 1987, Mr. Wilbanks voluntarily dismissed his suit against petitioner. Petitioner has never repaid Mr. Wilbanks for the money that Mr. Wilbanks paid him in 1981 and 1982 and neither petitioner *136 nor Bruce Younker & Company has reported such payments as income. Respondent determined that the payments received by petitioner from Mr. Wilbanks were taxable income to petitioner in the form of real estate commissions and compensation for real estate services. Petitioner contends that such payments were nontaxable loans. However, his contention is not supported by the evidence because the record contains no evidence of indebtedness. Moreover, the contention is directly contrary to petitioner's position in the lawsuit with Mr. Wilbanks where petitioner denied that the payments represented loans. We conclude, therefore, that the payments constituted taxable real estate commissions and compensation for services as determined by respondent. *194 (6) Unreported Interest and Dividend Income.
Respondent determined that in 1982 petitioner received interest and dividend income totaling $ 10,875 in 1982 which was not reported in his income tax return. From the record before us it is clear and we so find that in 1982 petitioner had two Webster Cash Reserve accounts with Kidder Peabody & Company on which he received interest of $ 409 and $ 358, which he did not report. We also *137 find that in 1982 petitioner sold an interest in a partnership known as the Crossroads Shopping Center and received a promissory note from the purchaser for a portion of the sales price. During 1982 he received interest of $ 7,375 on the promissory note and did not report the interest in his income tax return. The record contains no evidence with respect to the balance of $ 2,733 in interest and dividend income which respondent determined that petitioner received and failed to report in 1982. Since petitioner has failed to carry his burden of proof on this issue respondent's determination is sustained. (7) Overstated Partnership Loss From Crossroads Shopping Center. In his income tax return for 1981 petitioner reported a loss of $ 6,905 from the Crossroads Shopping Center partnership. From the record before us we find that petitioner and James W. Gardner were co-owners of a 10-percent interest in the partnership. We also find that the loss of $ 6,905 claimed by petitioner represents all of the partnership loss which is attributable to the 10-percent interest. Consequently, petitioner overstated his share of the partnership loss by $ 3,454 as determined by respondent. *138 Sec. 702(a)(8). (8) Erroneously Reported Long-Term Capital Gain. In 1983 petitioner was a partner in Younker, Hunt and Ross. During the year the partnership sold some property which it had held for only five days. Petitioner's share of the gain was $ 2,953. He reported his share as a long-term capital gain on his 1983 income tax return. Respondent correctly determined that the gain should have been reported as a short-term capital gain. Sec. 1222(3). (9) Commission Income. On the sale of certain property in 1983 by Younker, Hunt and Ross, petitioner's share of the commission was $ 2,325 which he chose to leave in the partnership. He did not report his share of the commission in his income tax return for 1983. Since petitioner's share of the commission was available to him in 1983 respondent correctly determined that it was includable in his income for that year. Rosenberg v. United States, 422 F.2d 341 (8th Cir. 1970); sec. 1.451-2(a), Income Tax Regs.
(10) Automobile Expenses and Depreciation. In his income tax returns for 1980, 1981, 1982, and 1983, petitioner claimed deductions for expenses and *139 depreciation pertaining to a Mercedes based on alleged business usage of 90-percent, 100-percent, 90-percent, and 90-percent, respectively. For the years 1980 through 1982 petitioner also claimed deductions for expenses and depreciation on a Lincoln based on alleged business usage of 100-percent, 90-percent, and 100-percent, respectively. Respondent determined that with respect to the Lincoln petitioner was entitled to the deductions for expenses and depreciation in all four years based on business usage of 100-percent, but that with respect to the Mercedes the business usage was only 75-percent in each of the four years. At trial petitioner did not produce any record of the expenses incurred with respect to the Mercedes or of the miles it was driven on business. Under these circumstances respondent's determination with respect to both cars is sustained. Cobb v. Commissioner, 77 T.C. 1096, 1101 (1981), affd. without published opinion 680 F.2d 1388 (5th Cir. 1982); Rule 142(a). (11) Interest on Mother's Car Loan. In his income tax return for 1983 petitioner claimed a deduction of $ 1,169 for interest paid on a loan on his mother's automobile. *140 Petitioner did not purchase the car, borrow the money to pay for it, or sign a promissory note or other evidence of indebtedness with respect to the car. His mother bought the car and was the only person obligated on the loan. Section 163(a) permits the deduction of interest paid or accrued during the taxable year on indebtedness. Indebtedness under section 163(a) is an unconditional and legally enforceable obligation of the taxpayer for the payment of money. Autenreith v. Commissioner, 115 F.2d 856, 858 (3d Cir. 1940), affg. 41 B.T.A. 319 (1940). Consequently, it has long been established that interest payments are not deductible unless they are made with respect to an obligation of the taxpayer. Sheppard v. Commissioner, 37 B.T.A. 279, 281-282 (1938). Since the loan here in question was not made to petitioner but to his mother and he was under no legal obligation to repay either the principal or the interest on the debt, respondent correctly determined that the interest payments are not deductible by petitioner. See Secunda v. Commissioner, T.C. Memo. 1977-185.
*141 *195 (12) Section 6651(a)(1) Additions to Tax. Petitioner filed an untimely income tax return for 1982 on November 22, 1983. He filed an untimely return for 1983 on April 17, 1985. Respondent determined additions to tax under section 6651(a)(1) for 1982 in the amount of $ 1,846 and for 1983 in the amount of $ 2,676. Petitioner has the burden of proof on this issue. Rule 142(a). The record contains no evidence that his failure to file timely returns for 1982 and 1983 was due to reasonable cause and not due to willful neglect. Accordingly, respondent's determination that petitioner is liable for additions to tax under section 6651(a)(1) is sustained. Abramo v. Commissioner, 78 T.C. 154, 163 (1982). (13) Section 6653(a) Addition to Tax. Respondent determined that petitioner is liable for an addition to tax of $ 1,032 for 1980 under section 6653(a). Section 6653(a) provides that if any part of an underpayment of tax is due to negligence or the intentional disregard of rules or regulations, there shall be added to the tax an amount equal to five-percent *142 of the entire underpayment. Commissioner v. Asphalt Products Co., 482 U.S. 117 (1987). The major portion of petitioner's underpayment for 1980 resulted from his failure to report the 1.25-percent interest in GPC Associates which he received in settlement of his claim against James W. Gardner. Since we have found that the value of the interest which he failed to report is $ 45,412, it is obviously a substantial omission inasmuch as the total taxable income reported by petitioner in 1980 was only $ 14,254. An unexplained omission of such a nature and under these circumstances constitutes negligence. See Brenner v. Commissioner, T.C. Memo. 1967-239. Consequently, respondent's determination with respect to the addition to tax in 1980 for negligence is sustained. (14) Additions to Tax Under Sections 6653(a)(1) and 6653(a)(2). Under section 6653(a)(1), which is applicable to the years 1981, 1982, and 1983, a five-percent addition to tax is applicable to the entire underpayment if any part of the underpayment is due to negligence or intentional *143 disregard of rules or regulations. From the record before us it is clear that in those years petitioner was negligent because he failed to report gross receipts, partnership income, interest, dividends, and capital gains. Therefore, respondent's determination of the additions to tax under section 6653(a)(1) for those years is sustained. Section 6653(a)(2), which is also applicable to 1981, 1982, and 1983, provides that there shall be added to the tax an amount equal to 50-percent of the interest payable under section 6601 with respect to any portion of the underpayment attributable to negligence or the intentional disregard of rules or regulations. From the record as a whole and particularly from our disposition of the adjustments made to petitioner's income and deductions, we are satisfied that the entire underpayment in petitioner's income tax for each of the years 1981, 1982, and 1983 is due to negligence. In each of such years he kept no record of the business use of his Mercedes. In each of the years he also failed to report a substantial amount of gross receipts, partnership income, *144 interest, dividends, capital gains, real estate commissions, or income from a subchapter S corporation. In 1983 he reported his capital gain from the sale of an asset held for only five days as a long-term capital gain. In 1981 he overstated his share of a loss from a partnership. Accordingly, we find, and so hold, that respondent correctly determined that petitioner's entire underpayment for each of the years 1981, 1982, and 1983 was due to negligence or the intentional disregard of rules or regulations. (15) Section 6661(a) Additions to Tax. Respondent determined that petitioner substantially understated his income tax for 1982 in the amount of $ 19,215 and imposed an addition to tax of $ 4,804 under section 6661(a). For the year 1983 respondent determined that petitioner substantially understated his income tax by $ 10,703 and imposed an addition to tax of $ 2,676 under section 6661(a). Since petitioner has offered no evidence with respect to respondent's determinations of the additions to tax under section 6661(a) we sustain respondent's determinations. See Rothstein v. Commissioner, 90 T.C. 488, 497 (1988). To reflect the foregoing, Decision *145 will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure. * 50-percent of interest due on $ 44,512. ** 50-percent of interest due on $ 19,315. *** 50-percent of interest due on $ 18,826.↩