ALBERT E. AND EDWINA ROSE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1663–75.    Filed July 24, 1978.

---

*William J. McCarvel,* for the petitioners.
*S. Clay Freed* and *Stewart C. Walz,* for the respondent.

OPINION

IRWIN, *Judge:* Respondent determined deficiencies in petitioners' income tax and additions to tax for the calendar years 1970 and 1971 as follows:

| Year | Deficiency | Addition to tax Sec. 6651(a) | Sec. 6653(a) |
|------|-----------|------------------------------|--------------|
| 1970 | $1,679.88 | $83.99 | $87.93 |
| 1971 | 3,510.82 | ---- | 175.54 |

After concessions by petitioners, the main issue remaining for our decision is whether respondent violated section 7605(b)[1] which restricts him to only one examination of a taxpayer's books for any taxable year absent written notice to the taxpayer that an additional examination is necessary; and if so, whether the notice of deficiency is, therefore, void. If the main issue is resolved in favor of respondent, we must then determine whether respondent's resort to the bank deposits plus expenditures method to reconstruct the petitioners' income for the years 1970 and 1971, after petitioners refused to make their books and records available, renders the notice of deficiency void.

All of the facts have been stipulated. The stipulation of facts along with attached exhibits are incorporated herein by this reference.

Petitioners Albert E. Rose and Edwina Rose, husband and wife, resided in Helena, Mont., at the time of filing their petition herein. They filed a joint Federal income tax return for the calendar years 1970 and 1971 with the Internal Revenue Service Center in Ogden, Utah.

As part of an examination, petitioners turned certain of their books and records over to the Internal Revenue Service. After the Internal Revenue Service had possession of these books and records for approximately 8 months, petitioner Albert E. Rose

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect for the years in issue.

requested their return. The books and records were returned in response to this request.

Subsequent to the return of the books and records, the Internal Revenue Service sought to review and analyze them further. In order to accomplish this, the Internal Revenue Service asked petitioners to again produce the books and records. However, they refused to do so. This refusal was made in reliance on the statutory provision of section 7605(b) which denies the Internal Revenue Service a second examination of a taxpayer's books absent notice in writing which apparently was not given here. Upon petitioners' refusal to produce their books and records for further examination, respondent determined a deficiency in their income taxes for each of the years 1970 and 1971 utilizing the bank deposits plus expenditures method to reconstruct petitioners' income for those years. Petitioners stipulated that the deficiencies so determined are correct in amount.

We must first decide whether respondent violated the second examination requirement of section 7605(b), and if so, whether such a violation renders the subsequently issued notice of deficiency void.

If we resolve this issue in favor of respondent, we must then decide whether it is appropriate for respondent to utilize the bank deposits plus expenditures method of reconstructing income where petitioners have adequate books and records, and if it is improper, whether that fact renders the notice of deficiency void.

Petitioners initially contend that the deficiency determined herein was in violation of the second examination rule of section 7605(b) because respondent's use of the bank deposits plus expenditures method allowed him to effectively circumvent that rule. Therefore, they argue, the notice of deficiency is void. *Reineman v. United States*, 301 F.2d 267 (7th Cir. 1962). But see *Collins v. Commissioner*, 61 T.C. 693, 700 n. 4 (1974).

However, in a case having facts substantially similar to those here in question, this Court found there was no second examination. In *United States Holding Co. v. Commissioner*, 44 T.C. 323 (1965), respondent requested the taxpayers' records for a second examination. The taxpayers refused, basing their refusal on respondent's noncompliance with the section 7605(b) written notice requirement. They asserted that respondent's

noncompliance with section 7605(b) rendered the subsequently issued notice of deficiency void, or if not void at least arbitrary, thereby placing the burden of proof on the respondent. This Court held there was no subsequent examination and as a result no violation of section 7605(b), thus deciding the main issue raised by petitioners here. We follow *United States Holding Co. v. Commissioner, supra,* and hold that there was no violation of section 7605(b).

Petitioners' alternative argument is to the effect that because they kept adequate books and records, a notice of deficiency derived on some basis other than those books and records is improper. Although it is not clear from the record, we will assume, for purposes of resolving this issue, that petitioners did maintain adequate books and records.

Petitioners can prevail on this issue only by showing the notice of deficiency, if it was determined improperly, to have been void. This is necessary because even were petitioners able to show respondent to have been arbitrary and capricious in utilizing the bank deposits plus expenditures method, thus shifting the burden of proof to respondent, respondent can rely on the fact that petitioners stipulated that the deficiencies are correct in amount and use this stipulation to meet his burden of proof. *Helvering v. Taylor,* 293 U.S. 507 (1935); *Durkee v. Commissioner,* 162 F.2d 184 (6th Cir. 1947); *Laird v. Commissioner,* 85 F.2d 598 (3d Cir. 1935).

Where a taxpayer keeps adequate books and records, the Commissioner may not determine taxable income by another method. *Green v. Commissioner,* 66 T.C. 538 (1976); *Harnsberger's, Inc. v. Commissioner,* 7 B.T.A. 250 (1927). However, these cases do not address the validity of the notice of deficiency, which is more in the nature of a jurisdictional issue, but rather are directed toward the actual determination of taxable income.

In *United States Holding Co. v. Commissioner, supra,* the taxpayer also claimed that a notice of deficiency issued without the benefit of his books and records was arbitrary and erroneous, thereby placing the burden of proof on the respondent. We held that the notice issued by respondent was not arbitrary notwithstanding the fact that it was determined without the benefit of petitioners' books and records. It follows, a fortiori, that such a notice of deficiency is not void. Cf. *Suarez v. Commissioner,* 58 T.C. 792 (1972), holding that a notice of deficiency based on

evidence obtained in violation of the Fourth Amendment and itself inadmissible was not void.

*Decision will be entered for the respondent.*