ROBERT P. AND MARY K. WRIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Wright v. Commissioner
Docket No. 9538-84.
United States Tax Court
T.C. Memo 1986-183; 1986 Tax Ct. Memo LEXIS 424; 51 T.C.M. (CCH) 973; T.C.M. (RIA) 86183; May 5, 1986. John A. Holtman, for the petitioners. Dale P. Kensinger, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge *: The Commissioner determined a deficiency in petitioners' Federal income taxes for the taxable year 1980 of $5,118.00 and an addition to tax pursuant to section 6653(a) [1] of $255.90. The issues presented to this Court for decision are (1) whether petitioners' taxable year 1980 was a closed year, and if so, whether respondent improperly reopened the examination of taxable year 1980; and (2) whether respondent is estopped from determining a deficiency in petitioners' Federal income *425 taxes for the taxable year 1980. The facts of this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and are so found. Petitioners resided in Overland Park, Kansas at the time their petition was filed. Respondent conducted an audit of petitioners' federal income tax return for the taxable year 1979 which was expanded to include the taxable year 1980. In connection with this audit, respondent's examining agent issued to petitioners a Form 1902-B, Report of Income Tax Examination Changes, on March 23, 1982. The report proposed a deficiency in federal income tax of $4,350.02 and an addition to tax pursuant to section 6653(a) of $217.50 for the taxable year 1980. The Form 1902-B received by petitioners stated as follows: Although this report is subject to review, you may consider it as your notice that your case is closed if you are not notified of an exception to these findings *426 within 45 days after a signed copy of this report or a signed waiver, Form 870, is received by the district director. If you agree, please sign one copy of this report, and return it in the enclosed envelope. Keep the other copy with your records. Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I consent to either: (1) The immediate assessment and collection of the balance due shown on line M, plus any interest due on this tax, and also any penalties shown on line O, or (2) The overpayment shown on line N, plus any interest and adjusted by penalties shown on line O. Petitioners signed the form and returned it with a remittance of $5,129.09 representing the total indicated to be due for the taxable year 1980 consisting of the deficiency of $4,350.02, the addition to tax of $217.50 and interest of $561.57. Petitioners read and relied upon the statements in Form 1902-B quoted above in deciding to forego an administrative appeal and to waive their right to petition this Court. After receiving the executed report together *427 with the remittance, the examining agent forwarded the file relating to petitioners' income tax liability for the taxable year 1980 to the Review Staff, Wichita, Kansas. The Review Staff concluded that the rule with respect to petitioners' income tax liability for the taxable year 1980 should be returned for further development. Examining agent Nancy Atchley telephoned petitioners' representative, Richard O'Connor, within the 45-day period referred to in Form 1902-B. In her memorandum of the call, dated May 6, 1982, the examining agent stated she "* * * explained that the case was being reviewed and that the [Form 1902-B] could not be considered final. POA [power of attorney] wanted to know what the problem was and I said we would let him know." Respondent did not obtain any documents or information from the books and records of petitioners subsequent to May 6, 1982. On June 9, 1982 the revenue agent to whom petitioners' case had been assigned, Shirley Polzin, telephoned O'Connor and explained that respondent was examining deductions taken by petitioners in taxable year 1980 for employee business expenses. O'Connor informed Polzin that in his view the 45-day period referred *428 to in Form 1902-B had expired, and that therefore the taxable year 1980 was closed. On March 9, 1983 Polzin telephoned O'Connor to request an appointment to discuss certain items on petitioners' 1980 Federal income tax returns. O'Connor reiterated his view that the taxable year 1980 was a closed year, and on this basis no appointment was scheduled. On May 5, 1983 respondent issued to petitioners a copy of Form 4549-A, Income Tax Examination Changes, accompanied by an explanation of adjustments. The report proposed a deficiency of $9,468.00 in petitioners' 1980 Federal income taxes and an addition to tax of $473.40. Included in these amounts were the prior deficiency and addition to tax agreed upon and paid by petitioners pursuant to their execution of Form 1902-B. Form 4549-A gave petitioners the right to an administrative appeal on all proposed adjustments. On May 12, 1983 petitioners objected to the issuance of Form 4549-A in a letter to respondent, claiming that respondent was attempting to reopen the taxable year 1980 without timely written notice. On May 23, 1983 respondent wrote to petitioners (1) stating that respondent's agent had notified petitioners' representative *429 by telephone on May 6, 1982 that the case was being reviewed and could not be considered final and (2) asking petitioners to complete their protest of the proposed adjustments by stating specifically their objections. [2] On May 30, 1983, petitioners received a Statement of Adjustment to Your Account which indicated a credit against the proposed deficiency of $5,129.09 which represented the amount that petitioners had paid with Form 1902-B. On January 17, 1984 respondent issued to petitioners the notice of deficiency which is at issue in this case. The amounts of the deficiency and addition to tax represent the difference between the respective figures indicated in the Form 1902-B executed March 23, 1982 and the Form 4549-A issued to petitioners on May 5, 1983. Petitioners concede the correctness of the deficiency and addition to tax if we determine that respondent was not foreclosed from issuing the notice of deficiency. Respondent never issued a reopening letter to petitioners. [3] Further, petitioners and respondent never executed a Form 866, Agreement as to Final Determination *430 of Tax Liability. Petitioners contend that the taxable year 1980 was closed as a result of their execution of Form 1902-B, that respondent improperly reopened a closed taxable year, and that respondent is estopped from determining a deficiency for the closed taxable year. Respondent argues that its notice to petitioners' representative that the Form 1902-B agreement could not be considered final constituted notice within the terms of Form 1902-B that the taxable year was not closed. In the alternative, respondent contends that if the taxable year 1980 was closed, he did not reopen the taxable year. In this case petitioners properly executed a Form 1902-B the language of which states that petitioners' taxable year 1980 would be closed unless an exception to the report's findings was provided to petitioners within 45 days following the receipt of the executed form. Respondent did not notify petitioners of an exception to the report's findings within the 45-day period. Instead, respondent notified petitioners by telephone *431 only that the report was being reviewed and should not be considered final. This notice provided petitioners with no more information than the agreement itself, which stated that "this report is subject to review." Because respondent did not provide petitioners with an exception to the report as required by Form 1902-B, petitioners' taxable year 1980 was closed. Respondent may reopen a closed year for additional examination under the circumstances described in Rev. Proc. 81-35, 1981-2 C.B. 588. [4] Although respondent did not follow Rev. Proc. 81-35 in this case, that fact does not resolve the issues before this Court because a reopening is not a condition precedent to the issuance of a notice of deficiency. Further, a notice to the taxpayer is only mandated if an additional inspection of a taxpayer's books and records occurs subsequent to the closing. Section 7605(b). No new inspection of petitioners' books and records took place. [5] See Grossman v. Commissioner,74 T.C. 1147 (1980). In the absence of a closing agreement or an informal agreement that would estop respondent, there is no proscription against respondent's determination of *432 a deficiency for a closed year. Botany Worsted Mills v. United States,278 U.S. 282, 288-289 (1929); Rose v. Commissioner,70 T.C. 558, 561 (1978); Hudock v. Commissioner,65 T.C. 351, 362 (1975); United States Holding Company v. Commissioner,44 T.C. 323, 327 (1965). The parties agree that the Form 1902-B executed by petitioners does not constitute a formal closing agreement pursuant to section 7121. For the reasons discussed below, we find that respondent is not estopped from determining the deficiency in petitioners' 1980 income tax. *433 Because tax liability should be based upon the law and not on the statements of a government officer or agent, the court will not lightly conclude that respondent is estopped from determining a deficiency. Boulez v. Commissioner,76 T.C. 209, 215 (1981); Couzens v. Commissioner,11 B.T.A. 1040, 1148 (1928). Nevertheless, if the elements of an estoppel are proven, justice requires the government to abide by its agreement. Lignos v. United States,439 F.2d 1364, 1368 (2d Cir. 1971). In this case the parties agree that in executing the Form 1902-B petitioners read and relied upon the statements therein; namely, that in agreeing to the immediate assessment and collection of the deficiency, addition to tax and interest their case would be closed. Further, respondent's original determination of deficiency was based on the factual error of the nature of certain expenses deducted by petitioners. In relying on the agreement petitioners paid the deficiency and addition to tax without knowing that respondent would take exception to the examining agent's report as stated on Form 1902-B. We cannot, however, conclude that petitioners suffered *434 substantial detriment from relying on respondent's promise to close taxable year 1980. The detriment suffered by petitioners was that they lost an opportunity for an administrative appeal and an opportunity to have this Court judicially resolve their dispute with respondent at the time they executed Form 1902-B. This detriment falls short of the mark necessary to work an estoppel against the government. First, no actual harm was suffered by petitioners; they agree that respondent's determination is correct. Second, had petitioners wanted to contest the merits of respondent's initial determination at the time they executed Form 1902-B, they could have sought a refund. Third, petitioners could have taken an administrative appeal of the proposed deficiency resulting from the examination, which included the amount previously paid by petitioners, and they could have contested the initial determination in this Court as part of their case involving the deficiency for the same year; petitioners declined to do so. Finally, petitioners have provided no other evidence of the value of any rights they relinquished in executing Form 1902-B. See Davis v. Commissioner,29 T.C. 878, 896 (1958). *435 On this basis we find that petitioners did not suffer detriment sufficient to support an estoppel against the government. Accordingly, respondent was not estopped from issuing his notice of deficiency to petitioners in January of 1984. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned to Judge Williams for decision and opinion. ↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue, unless otherwise indicated.↩
2. Respondent's letter incorrectly identified the agent who made the telephone call to Mr. O'Connor.↩
3. For purposes of this case, a reopening letter is one which is issued under the circumstances identified in Rev. Proc. 81-35, 1981-2 C.B. 588↩.
4. These circumstances are described as follows: 1. There is evidence of fraud, malfeasance, collusion, concealment or misrepresentation of material fact; or 2. The prior closing involved a clearly defined substantial error based on an established Service position existing at the time of the previous examination; or 3. Other circumstances exist that indicate failure to reopen would be a serious administrative omission. ↩
5. The notice of deficiency issued to petitioners was not derived from a second inspection of petitioners' books and records, and the parties agree that respondent did not obtain any information from the books and records of petitioners subsequent to May 6, 1982. In any event there is no indication in the legislative history that section 7605(b) was intended to restrict the scope of respondent's legitimate power to protect the revenue. See Grossman v. Commissioner,74 T.C. 1147, 1155↩ (1980).